JS-6
FILED
CLERK, U.S. DISTRICT COURT
May 22, 2017
CENTRAL DISTRICT OF CALIFORNIA
BY: ___VPC___ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN M. FLYNN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SIENTRA, INC., HANI ZEINI, MATTHEW PIGEON, NICHOLAS SIMON, TIMOTHY HAINES, R. SCOTT GREER, KEVIN O'BOYLE, JEFFREY NUGENT, PIPER JAFFRAY & CO., STIFEL, NICOLAUS & CO., INC., LEERINK PARTNERS LLC., and WILLIAM BLAIR & CO., L.L.C.,<br><br>Defendants. | No. 2:15-cv-07548-SJO-RAO<br><br>**JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

WHEREAS, the Court is advised that the Parties,[1] through their counsel, have agreed, subject to Court approval following notice to the Class and hearings, to settle the Actions upon the terms and conditions set forth in the Stipulation of Settlement dated December 16, 2016 (the "Stipulation"), which was filed with the Court; and

WHEREAS, on January 23, 2017, the Court entered its Order Preliminarily Approving Settlement and Providing for Notice, which preliminarily approved the settlement, and approved the form and manner of notice to the Class of the settlement, and said notice having been issued, and the fairness hearing having been held;

NOW, THEREFORE, based upon the Stipulation and all of the filings, records and proceedings herein, and it appearing to the Court upon examination that the settlement set forth in the Stipulation is fair, reasonable and adequate, and upon a Settlement Fairness Hearing having been held after notice to the Class of the settlement to determine if the settlement is fair, reasonable, and adequate and whether the Judgment should be entered in this Federal Action;

**THE COURT HEREBY FINDS AND CONCLUDES THAT:**

A. The provisions of the Stipulation, including definitions of the terms used therein, are hereby incorporated by reference as though fully set forth herein.

B. This Court has jurisdiction of the subject matter of this Federal Action and over all of the Parties and all members of the Class.

---

[1] As used herein, the term "Parties" means (i) Quad Development LLC and John M. Flynn (the "Federal Plaintiffs"); (ii) Oklahoma Police Pension & Retirement System, Angelo Albano, Charles Albano d/b/a CA Productions, and Midtown Partners, Inc. ("State Plaintiffs" and collectively with Federal Plaintiffs, "Plaintiffs"); (iii) Sientra, Inc. ("Sientra"), Hani Zeini, Matthew Pigeon, Nicholas Simon, Timothy Haines, R. Scott Greer, Kevin O'Boyle, Jeffrey Nugent (collectively, the "Sientra Defendants"); and (iv) the underwriters of Sientra's September 2015 secondary offering, specifically, Piper Jaffray & Co., Stifel, Nicolaus & Company, Incorporated, Leerink Partners LLC, and William Blair & Company, L.L.C. (the "Underwriter Defendants," and collectively with the Sientra Defendants, the "Defendants").

C. With respect to the Class, the Court finds that:

(i) The Class Members are so numerous that their joinder in the Federal Action is impracticable. There were approximately three million shares of Sientra common stock offered through the secondary offering alone. The Class is, therefore, sufficiently numerous to render joinder impracticable;

(ii) The Class is ascertainable because the Class Members share common characteristics that are sufficient for persons to determine whether they are Class Members, *i.e.*, whether they purchased or otherwise acquired Sientra common stock pursuant or traceable to the Registration Statement issued in connection with the secondary offering, or otherwise during the Class Period;

(iii) There are questions of law and fact common to the Class. Those questions include whether the Defendants violated the Securities Act of 1933 and/or the Securities Exchange Act of 1934, whether the Registration Statement and/or other statements of Defendants during the Class Period contained misstatements or omissions, whether any such misstatements or omissions were material, and whether any misstatements or omissions caused harm to the Class Members, and if so, what is the amount of damages to redress that harm;

(iv) The claims of the Federal Plaintiffs are typical of the claims of the Class Members. Federal Plaintiffs claim to have purchased or otherwise acquired Sientra common stock pursuant or traceable to the same Registration Statement as the members of the Class, or otherwise purchased or acquired Sientra common stock during the Class Period based on the same alleged misconduct of Defendants, as the other members of the Class. Consequently, Federal Plaintiffs claim that they and the other Class Members sustained damages as a result of the same misconduct by Defendants;

(v) Federal Plaintiffs and Federal Plaintiffs' Counsel have fairly and adequately represented and protected the interests of the Class Members. Federal

Plaintiffs have no interests in conflict with absent Class Members. The Court is satisfied that Federal Plaintiffs' Counsel are qualified, experienced and have represented the Class to the best of their abilities;

   (vi) The questions of law or fact common to the Class Members predominate over any questions affecting only individual members;

   (vii) A class action is the superior means of resolving the Federal Action.

 D. The form, content, and method of dissemination of notice given to the Class was adequate and reasonable and constituted the best notice practicable under the circumstances, including individual notice to all Class Members who could be identified through reasonable effort.

 E. Notice, as given, complied with the requirements of the Federal Rules of Civil Procedure, satisfied the requirements of due process, as well as the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u4(a)(7), and constituted due and sufficient notice of the matters set forth herein. The Court finds that a full opportunity has been afforded to Class Members to object to the settlement and/or to participate in the Final Approval Hearing. Furthermore, the Court hereby affirms that due and sufficient notice has been given to the appropriate State and Federal officials pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C § 1715.

 F. The settlement set forth in the Stipulation is fair, reasonable, and adequate.

In making this determination, the Court has considered factors with respect to fairness, which include "(1) the strength of the plaintiff's case; (2) the risk, expense, complexity and likely duration of further litigation; (3) the risk of maintaining class action status throughout trial; (4) the amount offered in settlement; (5) the extent of discovery completed; (6) the experience and views of counsel; (7) the presence of a

- 3 -
JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

1 governmental participant; (8) the reaction of the class members to the proposed
2 settlement; and (9) the absence of collusion in the settlement procedure." *Churchill*
3 *Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004).

(i)  The settlement was vigorously negotiated at arm's length by all Plaintiffs on behalf of the Class and by Defendants, all of whom were represented by highly experienced and skilled counsel. The case settled only after: (a) a mediation conducted by an experienced mediator who was thoroughly familiar with this Litigation; (b) the exchange of detailed mediation statements prior to the mediation which highlighted the factual and legal issues in dispute; (c) Federal Plaintiffs' Counsel's extensive investigation, which included, but was not limited to, an on-the-ground investigation in Brazil, interviews with former employees, and a review of Sientra's press releases, Securities & Exchange Commission filings, analyst reports, media reports and other publicly disclosed reports and information about the Defendants; (d) the drafting and submission of a detailed Consolidated Complaint for Violation of §§11, 12(A)(2) and 15 of the Securities Act of 1933 and §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Complaint"); (e) the successful opposition of Defendants' motions to dismiss the amended complaint and reconsideration regarding same; and (f) the review and analysis of non-public documents produced by Defendants. Accordingly, both the Federal Plaintiffs and Defendants were well-positioned to evaluate the settlement value of this Federal Action. The Stipulation has been entered into in good faith and is not collusive.

(ii)  If the settlement had not been achieved, both Federal Plaintiffs and Defendants faced the expense, risk, and uncertainty of extended litigation. The Court takes no position on the merits of either Federal Plaintiffs' or Defendants' arguments, but notes these arguments as evidence in support of the reasonableness of the settlement.

- 4 -
JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

G. Federal Plaintiffs and Federal Plaintiffs' Counsel have fairly and adequately represented the interest of the Class Members in connection with the settlement.

H. Federal Plaintiffs, all Class Members, and Defendants are hereby bound by the terms of the settlement set forth in the Stipulation.

**IT IS HEREBY ORDERED THAT:**

1. The Class, defined in the Stipulation as: "all Persons who purchased or otherwise acquired Sientra common stock pursuant or traceable to Sientra's secondary offering in September 2015, and all Persons who purchased or acquired Sientra common stock during the period May 14, 2015 through and including October 28, 2015, and excluding Defendants, members of the immediate families of Defendants, any firm, trust, partnership, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest, and the legal representatives, heirs, successors-in-interest, and the legal representatives, heirs, successors-in-interest or assigns of any such excluded person; and any Person who validly requests exclusion from the Class," is certified solely for purposes of this settlement.

2. The settlement on the terms set forth in the Stipulation is finally approved as fair, reasonable and adequate. The settlement shall be consummated in accordance with the terms and provisions of the Stipulation. The Parties are to bear their own costs, except as otherwise provided in the Stipulation.

3. All Released Persons as defined in the Stipulation are released in accordance with, and as defined in, the Stipulation.

4. Upon the Effective Date, Federal Plaintiffs and each Class Member shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the

Released Persons, whether or not such Class Member executes and delivers a Proof of Claim and Release.

5. Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released Plaintiffs, Plaintiffs' Counsel and each and all of the Class Members from all Settled Defendants' Claims.

6. All Class Members who have not made their objections to the settlement, or any aspect thereof (including Plaintiffs' application for an award of attorneys' fees and for reimbursement of their out-of-pocket costs incurred in the prosecution of the Action (the "Fee Request")), in the manner provided in the Notice are deemed to have waived any objections by appeal, collateral attack, or otherwise.

7. All Class Members who have failed to properly file requests for exclusion (requests to opt out) from the Class are bound by the terms and conditions of the Stipulation and this Final Judgment.

8. The requests for exclusion, if any, by the persons or entities identified in Exhibit A to this Judgment are accepted by the Court.

9. All other provisions of the Stipulation are incorporated into this Judgment as if fully set forth herein. To the extent that the terms of this Judgment conflict with the terms of the Stipulation, the Stipulation shall control.

10. Plaintiffs and all Class Members are hereby barred and enjoined from instituting, commencing, maintaining, or prosecuting in any court or tribunal any of the Released Claims against any of the Released Persons.

11. Neither the Stipulation nor the settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be, or may be used as, a presumption, concession, or admission of, or evidence of, the validity of any Released Claim or of any wrongdoing or liability of the Defendants and the Released Persons; or (b) is or may

- 6 -
JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

be deemed to be, or may be used, as a presumption, concession, or admission of, or evidence of, any fault or omission of any of the Defendants and the Released Persons in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; or (c) is or may be deemed to be an admission or evidence that any claims asserted by Plaintiffs were not valid in any civil, criminal or administrative proceeding. Defendants and the Released Persons may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12. Pursuant to, and in full compliance with, the Federal Rules of Civil Procedure, this Court hereby finds and concludes that due and adequate notice was directed to all Persons and entities who are Class Members advising them of the Plan of Allocation and of their right to object thereto, and a full and fair opportunity was accorded to all Persons and entities who are Class Members to be heard with respect to the Plan of Allocation.

13. The Court hereby finds and concludes that the formula for the calculation of the claims of Authorized Claimants, which is set forth in the Notice of Proposed Settlement of Class Actions sent to Class Members, provides a fair and reasonable basis upon which to allocate the proceeds of the Net Settlement Fund established by the Stipulation among Class Members, with due consideration having been given to administrative convenience and necessity.

14. The Court hereby awards Federal Plaintiffs' Counsel attorneys' fees of **$2,725,000.00**, plus reimbursement of their expenses in the amount of **$86,480.00**, together with the interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until paid; and awards the Lead Plaintiffs in the Federal Action, Quad Development LLC and John M. Flynn, $5,000 each for their

1 time and costs contributing to the prosecution of the Federal Action. The Court finds
2 that the amount of fees awarded is appropriate and that the amount of fees awarded is
3 fair and reasonable given the contingent nature of the case and the substantial risks of
4 non-recovery, the quality of the work performed, the time and effort involved, and the
5 result obtained for the Class.

6     15. The awarded attorneys' fees and expenses and interest earned thereon, and the Lead Plaintiffs' award, shall immediately be paid to Federal Plaintiffs' Counsel and the Lead Plaintiffs, respectively, from the Settlement Fund subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions and obligations are incorporated herein.

11     16. In the event that the Stipulation is terminated in accordance with its terms: (i) this Judgment shall be rendered null and void and shall be vacated *nunc pro tunc*; and (ii) the Federal Action shall proceed as provided in the Stipulation.

14     17. Without affecting the finality of this Judgment in any way, this Court retains continuing jurisdiction over: (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest and expenses in the Federal Action; and (d) all Parties hereto for the purpose of construing, enforcing, and administrating the Stipulation.

1. 18. The Court finds and concludes that during the course of this Action, the Defendants, Federal Plaintiffs and Federal Plaintiffs' Counsel complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure. No Party or their respective counsel violated any of the requirements of Rule 11 of the Federal Rules of Civil Procedure with respect to any of the complaints filed in this Federal Action, any responsive pleadings to any of the above complaints or any motion with respect to any of the above complaints.

IT IS SO ORDERED.

DATED: May 22, 2017

*S. James Otero*

_____
HONORABLE S. JAMES OTERO
UNITED STATES DISTRICT COURT JUDGE